HAMLIN, Justice
(dissenting in part and concurring in part).
I am compelled to dissent in part from the majority opinion.
This matter involves franchise tax. LSA-R.S. 14:606(3) provides that for the purpose of ascertaining the tax imposed, every corporation subject to the tax is deemed, to have employed in this State the proportion of, among other items, its surplus.
The original brief of appellee concedes that United’s principal place of business is Shreveport.
I am of the opinion that the business, as well as the commercial, domicile of United was in Louisiana.
The majority opinion in Case No. 45,030 discloses as to when the stock came into Louisiana and where it was placed; that it did not acquire a situs in any other place ; how the stock was carried on United’s books; during the argument before this Court, the funds from the sale of the stock were conceded to have gone into “the general pot.”
*585 A reference to the financial statement of United will disclose as part of its assets the following:
“Plant, Property, and Equipment (Including Intangibles)—
Ledger Value________$333,084,457”
Under the heading of Liabilities appears the following:
“Surplus, Less Amount Accruing to Minority Interest:
Capital------------------ 183,754
Earned ----------------- 30,499,016
Total Surplus------- 30,682,770”
Under the heading of Consolidated Income and Surplus appears the following:
“Surplus,
December 31, 1948------ 30,682,770”
In his supplemental brief, the Collector emphasizes the regulations of the Collector, which he contends is the method to be followed in complying with LSA-R.S. 47:606.
I believe that the Collector is correct in his contention. I quote the following from the reply brief of United:
“Appellant states that the cases of Arkansas Fuel Oil Corp. v. Fontenot, 225 La. 166, 72 So.2d 465, and other cases cited on page 3 of his supplemental brief, hold that the situs or location, of intangibles is at the business situs of such intangibles, or at the commercial domicile of the corporate owner if the intangibles have acquired no business situs elsezvhere. The cases do not subscribe to this doctrine. A reading of these decisions will plainly show that, irrespective of commercial domicile, intangibles rhay acquire a situs for taxation other than at the domicile of their owner only when they have become integral parts of some local business.” (First and third emphasis mine.)
It is clear that the stock did not acquire a situs in another State.
To me the,answer is simple: — While intangibles may acquire a situs for taxation other than at the domicile of their owner, in this matter, the facts, and process of elimination of other states, show that the stock did not acquire a situs in another State and that the business situs of the stock, as well as the commercial domicile of United, was in Louisiana.
To sum up:
1. The stock must have been “surplus” as set forth in LSA-R.S. 47:606(3) and is taxable as such.
2. The stock did not acquire a situs in another state. While it is true that the statute does not mention business situs or commercial domicile, still, under the facts, no other State but Louisiana could be involved, as neither New York nor Delaware could claim a tax because United did absolutely no business in either State. It had to *587 pay a tax somewhere. It could not be absolved from paying the tax.
3. To hold that United should not pay the tax, would absolve it from payment.
“When the legislature gave to the City the power to tax, and confided to her officers the movement of the machinery necessary to realize the tax, it cannot have been intended to invent a clog which at any moment might peremptorily stop its working. This would be offering a stone when one asked for bread. Taxes are the pabulum of Government. Without that food, the political body languishes and dies. The State did not create the City, and indue it with corporate life, and in the same instant benumb and palsy those functions, without the exercise • of which life is soon extinct.” (Emphasis mine.) Bellocq v. City of New Orleans, 31 La. Ann. 471, 472, 473.
The same can be said of the State’s power under the Constitution.
Being in accord with the foregoing holding, I respectfully dissent in part. However, I do concur in the holding as to $9,-373.91.